William E. J. Coeytob, J.,
This matter came before the County Court of the County of Columbia pursuant to an order to show cause made by Mr. Justice Deckelmau, which order to show cause is based upon the petition of Albert A. Rapport, an attorney and counselor-at-law of the State of New York, in support of an application for the appointment of a committee of the property of Lucienne Wuilliamey who is 78 years of age, and who, the petitioner alleges, has property which may be endangered in that she is incompetent to manage her affairs in consequence of said age and loss of memory and understanding.
The facts as alleged in the petition indicate that in April, 1957 the alleged incompetent went to the offices of the petitioner herein and being apprehensive of the condition of her health and of her ability to manage her affairs, made and executed a power of attorney naming the petitioner as her attorney and turning over to him bankbooks and other securities of an approximate value of $20,000. There is no doubt that at that time the permanent residence of the alleged incompetent was in the town of Hillsdale in Columbia County. It is further *979 alleged in the papers that thereafter there was a gradual decline in both the physical and mental condition of the incompetent, and a neighbor, Mrs. Davison, who had been a friend of the alleged incompetent for over a period of 18 years and was a neighbor of hers in Long Island before she came to Hillsdale, New York, and also a neighbor of hers at Hills-dale, New York, and who cared for her for some period of time during her illness, communicated with the alleged incompetent’s stepdaughter, Mrs. Louise Beekman, and explained fully to Mrs. Beekman the condition of her stepmother and that she needed constant care. Mrs. Davison, in her affidavit, states that Mrs. Beekman informed her that she could not be helpful, that she had no money or facilities to provide for her stepmother’s care and that she was not interested; whereupon Mrs. Wuillamey, the alleged incompetent, was placed, through the efforts of the neighbor and the petitioner herein, in a convalescent home in Great Barrington, Massachusetts, where she was being well cared for at what the petitioner claims was a modest sum of money per week for board and care. The petitioner states that after the alleged incompetent was placed in the nursing home the stepdaughter first learned that the alleged incompetent, her stepmother, had a large sum of money. He contends it was only after she had become acquainted with the fact that her stepmother had some $20,000 that she became interested and that she went to Great Bar-rington, Massachusetts, removed her stepmother from the nursing home on what the papers allege were false representations as to where she was going and how long she was going to stay, and then immediately demanded from your petitioner all of the assets which he holds in his hands.
The petitioner states that he has no interest whatsoever in the outcome of the proceeding, but as an officer of the court believes that before he turns property over under such circumstances, that a court of competent jurisdiction should direct him to do so and he brings this proceeding before the court solely to have the question of her ability to manage her affairs determined.
On the return day of the order to show cause an attorney representing the alleged incompetent appeared before the court and objected to a hearing upon the matter as to whether or not she is competent, basing his claim upon the fact that the papers are insufficient on their face and upon the further ground that even though the alleged incompetent be incompetent, there is no evidence of the necessity of the appointment of a committee, and upon the further ground that the *980 alleged incompetent is now a resident of the City of New York, not a resident of the County of Columbia and the court has no jurisdiction.
"Without passing upon the facts alleged in the petition, if they are true, a serious question is presented as to whether or not $20,000 worth of assets should be turned over to a stepdaughter under the circumstances. If the alleged incompetent is incompetent, she became incompetent while a resident of the County of Columbia and at the time that she turned her property over to the attorney, the petitioner herein, and at the time that the papers claim that she was taken by false pretenses away from the nursing home in Great Barrington, Massachusetts, she had not become a resident in the State of Massachusetts or the County of Berkshire during her sojourn at the nursing home.
Under all the circumstances, while it may be that the respondent is perfectly competent to manage her own affairs and by this decision she will be put to some undue expense, at the same time under the circumstances alleged in the petition the conscience of the court will be better satisfied if a jury has determined the issues, and for this reason the petitioner’s motion is granted and an order granting such motion may be submitted, which order should provide for the appointment of a special guardian for the alleged incompetent.